UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALMAN ANDREW BECKFORD, | : | |
| | : | |
|     Appellant, | : | |
| | : | |
| v. | : | Case No. 3:14-CV-00249 (VAB) |
| | : | |
| BAYVIEW LOAN SERVICING, LLC, AND JOHN AND JANE DOES (1-50) | : | |
| | : | |
|     Appellees. | : | |

RULING AND ORDER ON MOTION FOR ENTRY OF JUDGMENT

Appellant Alman Andrew Beckford moves this court pro se for entry of judgment in his favor. For the reasons that follow, Mr. Beckford's motion is denied, and Appellee is ordered to serve forthwith a copy of its appellate brief upon Mr. Beckford, who is granted 14 days from service to file a reply brief.

I. Background

On June 27, 2013, Appellant initiated an adversary proceeding in the Chapter Seven bankruptcy case that he had commenced in the United States Bankruptcy Court for the District of Connecticut. The Bankruptcy Court granted Appellee's motion to dismiss the adversary proceeding and denied Appellant's motion to reconsider. This appeal followed, with a Notice of Appeal entered on this Court's docket on March 5, 2014.

Appellant filed his brief on April 21, 2014, and Appellee Bayview Loan Servicing, LLC ("Bayview") filed its responsive

brief on May 5, 2014.  Appellant then filed this motion for entry of judgment on August 13, 2014.

II.  Discussion

In his motion for entry of judgment, Mr. Beckford argues that (1) Bayview violated former Rule 8005 of the Federal Rules of Bankruptcy Procedure by not filing a motion for stay relief before proceeding with a foreclosure action in State court and (2) Bayview violated former Rule 8009 by not properly filing or serving its brief and attached exhibits.

First, Mr. Beckford alleges in his briefs in support of this motion that, during the pendency of this appeal, Bayview began pursuing a foreclosure action in Connecticut Superior Court, in contravention of a bankruptcy court stay that remained in effect at the time.  He argues that Judgment on his appeal should be granted on this ground.

However, former Rule 8005 is inapplicable here.  This Rule provided, in essence, that: a party could move for a stay of a bankruptcy court judgment, order, or decree, approval of a supersedeas bond, or other relief pending appeal; a motion for such relief, or for modification or termination of relief granted by the bankruptcy court, could be made to the district court or bankruptcy appellate panel if the motion showed why the relief, modification, or termination was not obtained from the bankruptcy court; and the bankruptcy court could suspend or

2

order the continuation of other proceedings in the case during the pendency of an appeal on such terms as would protect the rights of all parties in interest.  Fed. R. Bankr. P. 8005 (2013) (current version at Fed. R. Bankr. P. 8007); In re Wilson, 53 B.R. 123, 124 (D. Mont. 1985) ("Bankruptcy Rule 8005 provides that a motion for stay of the order of a bankruptcy court pending appeal must ordinarily be made in the bankruptcy court and, if such motion is made initially in the district court, that it must show why the relief was not obtained from the bankruptcy court.").

    Neither the former nor current version of this Rule provides grounds for entry of judgment against an appellee, nor are they an appropriate means by which Mr. Beckford could obtain relief for any alleged violation by Bayview of an existing stay.

    Former Rule 8009 likewise provides no grounds for entry of judgment against an appellee.  However, it did require appellees to "serve and file a brief within 14 days after service of the brief of appellant."  Fed. R. Bankr. P. 8009(a)(2) (2013) (current version at Fed. R. Bankr. P. 8018(a)(2)).  Here, Mr. Beckford alleges that he was never served with a copy of Bayview's responsive brief.  If true, this would severely prejudice Mr. Beckford, as this would have denied him the opportunity to file a reply brief, which he was entitled to under the Federal Rules of Bankruptcy Procedure.  See Fed. R.

Bankr. P. 8009(a)(3) (2013) (current version at Fed. R. Bankr. P. 8018(a)(3)).  Cf. Eng'g & Mfg. Servs., LLC v. Ashton, 387 F. App'x 575, 582 (6th Cir. 2010) (late responsive brief did not prejudice movant because movant had received brief and filed reply and the delay "had no apparent impact on the proceedings"); Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 409 (1st Cir. 1985) ("late affidavits plainly prejudiced" the other party and "should not have been considered").

The remedy for this alleged deficiency is not, however, entry of judgment against Appellee.  Instead, the Court directs Appellee to serve a copy of its brief, with all attached exhibits, on Appellant within seven days of this Order.  Appellant will then have 14 days from service of Appellee's brief to serve and file a reply brief.  See Fed. R. Bankr. P. 8009(a)(3) (2013) (current version at Fed. R. Bankr. P. 8018(a)(3)); cf. Cia. Petrolera Caribe, 754 F.2d at 410 ("Certainly, after discovering that use of the information contained in the tardily served brief and affidavit would be helpful to its opinion, the district court should then have provided the [other] party with an opportunity to respond.").  Because Appellant is pro se and not participating in electronic filing, Appellant must ensure that his mailing address on record with the Court is current.  See L. Civ. R. 83.1(c)(2) ("Any

party appearing pro se must give an address within the District of Connecticut where service can be made upon him or her in the same manner as service is made on an attorney.").

III. Conclusion

    Accordingly, Appellant's motion for entry of judgment is denied, Appellant is ordered to notify the Clerk of Court and counsel for Appellee if he has changed his address since the commencement of this appeal with "PLEASE NOTE MY NEW ADDRESS" written on the notice, Appellee is ordered to serve a copy of its appellate brief upon Appellant within 7 days, and Appellant is granted 14 days from such service to file and serve a reply brief.

    So ordered this 20th day of April, 2015, at Bridgeport, Connecticut.

                                 /s/ Victor A. Bolden
                                 Victor A. Bolden
                                 United States District Judge