UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>ALMAN ANDREW BECKFORD,<br>    Appellant,<br><br>v.<br><br>BAYVIEW LOAN SERVICING, LLC,<br>    Appellee. | No. 14-cv-249 (VAB) |

## ORDER ON MOTION TO AMEND COMPLAINT

Alman Andrew Beckford ("Appellant") brought this appeal, *pro se*, of a January 16, 2014 decision of the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court") (Dabrowski, J.) denying Mr. Beckford's motion for reconsideration of the Bankruptcy Court's decision to dismiss Mr. Beckford's adversary proceeding against Bayview Loan Servicing, LLC ("Bayview" or "Appellant") and John and Jane Does (1-50).

On June 14, 2017, this Court affirmed the Bankruptcy Court's decision to dismiss Mr. Beckford's adversary proceeding and dismissed this appeal on the basis of a lack of federal subject matter jurisdiction due to Mr. Beckford's lack of standing, both under 11 U.S.C. § 541(a) and Article III of the United States Constitution, to bring the claims he raised in the Amended Complaint that he filed with the Bankruptcy Court. *See generally* Order, ECF No. 24. On July 13, 2017, the Court entered judgment in favor of Bayview and closed this case. ECF No. 25.

1

On July 13, 2017, Mr. Beckford filed a motion for reconsideration of the judgment in this case and of the Court's order affirming the Bankruptcy Court's decision and dismissing his appeal. ECF No. 26. For the reasons that follow, the Court **DENIES** Mr. Beckford's motion.

The Court construes Mr. Beckford's pending motion as a "motion to alter or amend a judgment" under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e). Such motions must generally be filed "no later than 28 days after the entry of the judgment," Fed R. Civ. P. 59(e), in order to be timely. Because the Court entered judgment on July 13, 2017, ECF No. 25, and Mr. Beckford filed this motion on July 31, 2017, his motion is timely.

The Court may only grant a motion seeking reconsideration of a judgment when the "moving party can point to controlling decisions or data that the court overlooked" and "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995); *see also Pierce v. Lee*, No. 3:08-CV-1721 (VLB), 2010 WL 4683911, at *1 (D. Conn. Nov. 4, 2010) (applying *Shrader* to Rule 59(e) motion). "A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved." *Pierce*, 2010 WL 4683911 at *1.

Mr. Beckford brings this motion *pro se*. Even with the special solicitude that the Court affords to him because of his *pro se* status, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that pro se litigants should be afforded "special solicitude" because they are not represented by counsel), Mr. Beckford's motion fails to

2

include either new controlling law or new information that the Court overlooked. *Shrader*, 70 F.3d at 256-57.

Mr. Beckford's motion for reconsideration asks that the Court consider *Haines v. Kerner*, 404 U.S. 519 (1972), but that case is inapplicable here.[1] *See* Mot. for Reconsid. at 1, ECF No. 26. The Supreme Court decided *Haines* when *Conley v. Gibson*, 355 U.S. 41(1957) provided the standard required for a complaint to survive a motion to dismiss under Rule 12(b)(6), before the *Conley* standard was replaced by that outlined in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (noting that "*Twombly* retired the *Conley* no-set-of-facts test relied upon by the District Court"). Furthermore, the Court affirmed the Bankruptcy Court's dismissal of Mr. Beckford's Amended Complaint not on Rule 12(b)(6) grounds for failure to state a claim, but under Rule 12(b)(1) for lack of federal subject matter jurisdiction over the claims that Mr. Beckford brought in his Amended Complaint.[2] *See Beckford v. Bayview Loan Servicing, LLC*, No. 14-CV-249 (VAB), 2017 WL 2588084, at *4 (D. Conn. June 14, 2017) (explaining standard for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)).

---

[1] Mr. Beckford's motion for reconsideration also requests that the Court take judicial notice "of the Bankruptcy Court's record to date." Mot. for Reconsid. at 1-2. The Court's previous order took into account the record before the Bankruptcy Court when it dismissed Mr. Beckford's Amended Complaint. *See Beckford*, 2017 WL 2588084 at *1 (citing various entries in the record before the Bankruptcy Court).

[2] When considering whether to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction without an evidentiary hearing, the Court must "accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor," as in the Rule 12(b)(6) context. *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008). The Court also, however, "giv[es] no effect to legal conclusions couched as factual allegations." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). Both Mr. Beckford's Amended Complaint and his motion for reconsideration lay out various legal conclusions that the Court "g[ave] no effect to" in considering his appeal, including his "legal conclusion[]," *id.*, that Bayview allegedly does not have standing to pursue a foreclosure on Mr. Beckford's property.

As the Court's previous order explained, "[a] district court properly dismisses an action . . . for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (internal quotation marks omitted). As the Court explained, the plaintiff is the one who "bears the burden of alleging facts that affirmatively and plausibly suggest that [he] has standing to sue," and "[i]n assessing the plaintiff's assertion of standing," a court should "accept as true all material allegations of the complaint and construe the complaint in favor of" the plaintiff, and may also "rely on evidence outside the complaint." *Cortlandt St.*, 790 F.3d at 417 (internal quotation marks omitted).

Mr. Beckford's motion for reconsideration goes on to argue that this Court "only addresses [Mr. Beckford's] standing as opposed to [Bayview's]," and that it is improper for the Court to "only look[] to standing" as to Mr. Beckford, if "standing affects [sic] the Court's authority to exercise jurisdiction over the appeal." Mot. for Reconsid. at 7. This argument misunderstands standing doctrine.

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. The doctrine developed . . . to ensure that federal courts do not exceed their authority as it has been traditionally understood. The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The inquiry of whether a "plaintiff" bringing a complaint in federal court "has constitutional Article III standing," is a threshold one that must come before any consideration of "the subsequent merits of the case." *McCrory v. Adm'r of Fed. Emergency Mgmt. Agency of U.S. Dep't of Homeland Sec.*, 600 F. App'x 807, 808 (2d Cir. 2015)

4

(summary order); *All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006) ("Article III standing must be decided before the merits."). In other words, if the plaintiff seeking to initiate a case in federal court by bringing a complaint does not have standing, the Court may not consider the plaintiff's claims. Thus, this Court found that the Bankruptcy Court properly dismissed Mr. Beckford's Amended Complaint.

For the foregoing reasons, this motion fails to present new law or new information that the Court overlooked and that can "reasonably be expected to alter the conclusion reached by the Court. *Shrader*, 70 F.3d at 256-57. The Court therefore **DENIES** Mr. Beckford's motion for reconsideration.

SO ORDERED at Bridgeport, Connecticut, this 14th day of August, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge